#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF COLORADO

Civil Action No. 07-CV-01404-EWN-BNB

AVANTGARDE SURGICAL, INC., a Colorado Corporation,
and ADVANCED SURGICAL SUPPORT, INC.,
a Colorado Corporation,

      Plaintiffs,

v.

CONNECTICUT GENERAL LIFE INSURANCE COMPANY,
a Connecticut Corporation,

      Defendant.

_____

### REVISED STIPULATED PROTECTIVE ORDER REGARDING PERSONAL HEALTH INFORMATION, CONFIDENTIAL INFORMATION AND INADVERTENTLY DISCLOSED PRIVILEGED DOCUMENTS
_____

#### I. Handling of Personal Health Information

1.      For purposes of this Order "Personal Health Information" means any information that identifies an individual who is insured by Connecticut General, its affiliates, or subsidiaries, or who is an employee of a self-insured plan that is administered by Connecticut General. This includes names, addresses, phone numbers, social security numbers, and member numbers.

2.      Pursuant to 45 C.F.R. §§ 164.502(a)(1)(ii); 164.506(3) the Parties may disclose to each other Personal Health Information that is protected by HIPAA.

3.      The Parties agree to treat this Personal Health Information as confidential.

4.      The Parties agree that they will not use any Personal Health Information for purposes outside the scope of this lawsuit, nor will they distribute any such information to any third-party, other than witnesses or experts who agree to abide by the terms of this Order.

5.      The Parties agree to redact all Personal Health Information from any documents filed with the Court, or, if necessary, to file documents containing Personal Health Information under seal.

## II. Disclosure of Confidential Information

6.      For purposes of this Order, "Confidential Information" means any information that has been reviewed by a lawyer and based on a good faith belief is determined to be confidential or otherwise entitled to protection under Federal Rule of Civil Procedure 26(c)(7). The party may designate information as Confidential Information by stamping "Confidential" on each page of the document.

7.      The Parties recognize that it may be necessary to disclose proprietary, sensitive, or personal information during the course of this litigation.

8.      The Parties agree that such information should be treated as confidential.

9.      The Parties agree that they will not use any Confidential Information for purposes outside the scope of this lawsuit, nor will they distribute any such information to any third-party, other than witnesses or experts who agree to abide by the terms of this Order.

10.     The Parties agree that all Confidential Information filed with the Court will be filed under seal.

11.     A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as confidential to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this protective order. If such a motion is timely filed, the disputed information shall be treated as Confidential Information under the terms of this protective order until the court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential Information and shall not thereafter be treated as Confidential Information in accordance with this protective order. In connection with a motion filed under this provision, the party designating the information as Confidential Information shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

12.     The Parties agree that at the conclusion of this case, each party will either return or destroy all Confidential Information that was disclosed.

### III. Inadvertent Disclosure of Privileged Documents

13.     For purposes of this section, a "Privileged Document" is a document as defined by Fed. R. Civ. P. 34(a) that is protected from disclosure by the Attorney-Client Privilege, the Attorney Work Product Doctrine, or any other applicable privilege.

14. The Parties recognize that despite their best efforts to collect and review Privileged Documents and prevent their disclosure through production, it is possible that some Privileged Documents may be inadvertently produced. The Parties agree, therefore, that an inadvertent disclosure of Privileged Documents shall not constitute a waiver of the privilege as to that document or the subject matter of the document.

15. The Parties agree to immediately return any Privileged Documents that have been inadvertently disclosed upon notice by the producing party. The original documents will be returned and no copies will be made of the inadvertently disclosed materials.

16. If a receiving party discovers a document that it reasonably believes may be privileged, it will immediately discontinue review of the document, segregate the document, and notify the producing party of the bates number(s) of the document without having to be notified by the producing party that the Privileged Document was inadvertently produced. The producing party will have three business days to confirm that the document is a Privileged Document. If the producing party fails to confirm the status of the document, the document will be deemed not privileged and the receiving party may continue its review and use of the document.

17. In no case shall either party intentionally permit a third party to obtain or retain a copy of an inadvertently produced Privileged Document.

18. Once returned, a Privileged Document must be listed on the producing party's privilege log.

19.     Nothing in this Order shall compromise a party's right to challenge another party's privilege claim.  But no challenge of the privilege claimed for an inadvertently produced Privileged Document may be made until the document is returned to the producing party as set out in this Order.

This Order may be modified ~~by agreement of the Parties or by motion~~ **by order of the court** upon a showing of good cause.

SO ORDERED.

Dated October 25, 2007.

                                          BY THE COURT:

                                          s/ Boyd N. Boland
                                          United States Magistrate Judge

| | |
|---|---|
| **HANES & SCHUTZ, LLC** | **ARNOLD & PORTER LLP** |
| By: s/ Timothy J. Schutz<br>Timothy J. Schutz, #17045<br>102 S. Tejon, Suite 800<br>Colorado Springs, CO  80903<br>(719) 260-7900 | By: s/ Jerome A. DeHerrera<br>Thomas W. Stoever, Jr. Bar #025434<br>Jerome A. DeHerrera Bar #35893<br>370 17th Street, Suite 4500<br>Denver, Colorado  80202<br>Telephone:  (303) 863-1000<br>Facsimile:   (303) 832-0428 |
| **ATTORNEY FOR PLAINTIFFS** | **ATTORNEYS FOR DEFENDANT** |